**In re PUBLIC SERVICE COMPANY OF NEW HAMPSHIRE, Debtor.**

**Bankruptcy No. 88–00043.**

United States Bankruptcy Court,
D. New Hampshire.

Dec. 22, 1988.

See also, Bkrtcy., 94 B.R. 254.

Richard Levin, Don Willenburg, Stutman, Treister & Glatt, Los Angeles, Cal., Thomas R. Jones, Cahill Gordon & Reindel, New York City, and Martin L. Gross, Sulloway, Hollis & Soden, Concord, N.H., for debtor.

Joel B. Zweibel, Kenneth H. Eckstein, Kramer, Levin, Nessen, Kamin & Frankel, New York City, and J. Michael Deasy, Deasy & Dwyer, P.A., Nashua, N.H., for Creditors' Committee.

Richard Tilton, Howard J. Berman, Whitman & Ransom, New York City, for Equity Committee.

Mark W. Vaughn, Devine, Millimet, Stahl & Branch, P.A., Manchester, N.H., and Larry M. Smukler, Sr. Asst. Atty. Gen., Office of the Atty. Gen., Concord, N.H., for State of N.H.

George J. Wade, Shearman & Sterling, New York City, and David J. Dunfey, Sanders & McDermott, P.A., Hampton, N.H., for Citicorp and CUC, Inc.

Anthony C. Marts, Wiggin & Nourie, Manchester, N.H., and John Pritchard, Winthrop, Stimson, Putnam & Roberts, New York City, for First Fidelity and Amoskeag Bank.

Virginia Greiman, Boston, Mass., for U.S. Trustee.

Edward F. McHugh, Jr., Nutter, McClennen & Fish, Boston, Mass., for 2d Mortgage Indentured Trustee.

John B. Nolan, Day, Berry & Howard, Hartford, Conn., for Northeast Utilities.

Richard Johnson, Bingham, Dana & Gould, and Connie L. Rakowsky, Orr and Reno, P.A., Concord, N.H., for New England Elec. System.

Daniel M. Glosband, Goodwin, Procter & Hoar, Boston, Mass., for joint owners.

Michael J. Reilly, Hebb & Gitlin, Hartford, Conn., for Prudential.

Joel B. Rosenthal, Shapiro, Israel & Weiner, P.C., Boston, Mass., for Com. of Mass.

Joan E. Pilver, Asst. Atty. Gen., Hartford, Conn., for State of Conn.

## AMENDED ORDER SETTING HEARING ON MOTION REGARDING DISCLOSURE STATEMENT AND RELATED MATTERS

JAMES E. YACOS, Bankruptcy Judge.

The debtor in the above-captioned chapter 11 reorganization case has filed this date its "Ex Parte Motion Of Public Service Company For Order Fixing Time For Filing Of Disclosure Statement And Dispensing With Further Notice" in which it states that it intends to file its plan of reorganization on December 27, 1988. The motion requests the entry of an ex parte order permitting the debtor to delay the filing of its disclosure statement regarding the plan until February 27, 1989. This request, if granted, would not only extend the date for disclosure statement filing but would also in effect result in an extension of the 60–day exclusivity period to obtain acceptance of the plan as provided under § 1121(c)(3) of the Bankruptcy Code.

Notice of the motion was given yesterday to several major parties in interest, and the U.S. Trustee, but no general notice to creditors and equity holders has been given and the debtor requests that it be autho-

rized to dispense with such general notice. The State of New Hampshire has filed an objection to the debtor's ex parte motion in which it indicates that it does not object to the dispensing with general notice but does object to entry of any order on the motion without a hearing.

 The court declines to act in an ex parte manner on the motion, and declines to act at all prior to the filing of the debtor's plan as indicated on December 27, 1988. While Bankruptcy Rule 3016(c) indicates that the disclosure statement shall be filed with the plan, it is not uncommon that disclosure statements in chapter 11 cases are filed shortly after the plan filing. There is no penalty for failure to file the disclosure statement the same day that the plan is filed. See 8 *Collier on Bankruptcy* ¶ 3016.05 (15th Ed.1988) ("It will sometimes be the case that the disclosure statement is not ready for filing as of the deadline for filing a plan. In such cases, there is no prohibition on the filing of a plan without a disclosure statement, notwithstanding Rule 3016c"). The debtor therefore will not need to file its disclosure statement until this court can properly hear and act upon its motion pertaining thereto. Accordingly, it is

ORDERED, ADJUDGED and DE-CREED as follows:

1. This court will hold a hearing upon the aforesaid motion filed December 21, 1988 by the chapter 11 debtor in this case on *Friday, January 6, 1989,* commencing at *9:00 a.m.* and continuing on Saturday, January 7, 1989 as may be necessary, in Courtroom # 2, in the *U.S. District Courthouse, 55 Pleasant Street, Concord, New Hampshire, 03301.*

2. In view of the complexity of these proceedings the court will also hear at that time any comments from the debtor and other parties in interest as to further appropriate hearings and procedures with regard to the debtor's plan of reorganization as may be required by the unique nature of this case, and as may be permitted under Section 105 and chapter 11 of the Bankruptcy Code.

3. The debtor shall on or before December 23, 1988 serve a copy of its motion and this order upon all parties included in the Full List maintained pursuant to this court's Amended Order Establishing Notice Procedure entered April 19, 1988, and the mailing of same shall constitute due notice of the motion and hearing.

DONE and ORDERED.